Peter C. Jurs v. Commissioner. Albert E. Jurs v. Commissioner. Raymond M. Young v. Commissioner. Eugene E. Jurs v. Commissioner.
Jurs v. Commissioner
Docket Nos. 112660, 112661, 112662, 112663.
United States Tax Court
1943 Tax Ct. Memo LEXIS 146; 2 T.C.M. (CCH) 658; T.C.M. (RIA) 43393; August 20, 1943
*146 Edgar B. Stewart, Esq., 1215 Financial Center Bldg., Oakland, Calif., for the petitioners. Harry R. Horrow, Esq., for the respondent. SMITH Memorandum Findings of Fact and Opinion SMITH, Judge: These proceedings, consolidated for hearing, are for the redetermination of deficiencies in income tax for the calendar year 1940 as follows: Docket No.
Petitioner
Deficiency
112660
Peter C. Jurs
$ 863.04
112661
Albert E. Jurs
2,953.61
112662
Raymond M. Young
3,219.52
112663
Eugene E. Jurs
648.09
The question in issue is whether the petitioners are taxable upon the entire distributive shares of a partnership known as Shand and Jurs Co., or whether such distributive shares constituted community income taxable one-half to each partner and one-half to his wife. Findings of Fact Petitioners are residents of Berkeley, California. They filed their income tax returns for the calendar year 1940 with the collector of internal revenue for the first district of California. For the period commencing January 1, 1939, and including the entire calendar year 1940, the petitioners were partners in and were all of the partners of a manufacturing and sales business doing business under *147 the name and style of Shand and Jurs Co., and their relationships, as partners in such business, were defined by an agreement and articles of co-partnership dated December 31, 1938. For a period commencing in 1934 and ending December 31, 1938, such business was operated under the name of Shand and Jurs Co. by Albert E. Jurs as the sole proprietor thereof. During the period July 1, 1937, to December 31, 1938, petitioners Peter C. Jurs, Raymond M. Young, and Eugene E. Jurs were employed by Albert E. Jurs in the operation of the business under the provisions of an employment agreement which was executed about November 5, 1937. Under such agreement each of the petitioners was to receive a salary and in addition thereto a bonus represented by the profits of the business in excess of salaries. Albert E. Jurs was to receive a stated amount as a rental upon the assets of the business owned by him at July 1, 1937. The bonus earned each year was to be in part divided and in part held for the credit of the several petitioners. It was understood at the time that Peter C. Jurs, Raymond M. Young, and Eugene E. Jurs would eventually have a capital interest in the business. It was the desire of *148 Albert E. Jurs that the respective wives of the petitioners should not be allowed to have any voice in the management of the business and with that thought in mind the wives of the petitioners signed a waiver of the employment agreement which certified that each had read the employment agreement and: * * * fully understands the same, and being fully convinced of its reasonableness and of the benefits that she will directly or indirectly receive therefrom, does hereby join in, ratify and approve said agreement and each and all of the terms thereof, waiving any community interest to which she might be entitled in and to any property or thing of value made subject to the provisions of said agreement. This waiver was signed by the wives at or about the same time as the employment agreement was signed by the petitioners. The petitioners entered into an agreement and articles of co-partnership as of January 1, 1939. These articles of co-partnership provided that the shares or interests of the respective partners in the capital, profits and losses of the partnership are vested as follows: Albert E. Jurs
One-third (1/3)
Raymond M. Young
One-third (1/3)
Eugene E. Jurs
One-sixth (1/6)
Peter C. Jurs
One-sixth (1/6)
*149 The co-partnership agreement recites that it is the desire of the parties to provide for the acquisition of a deceased or withdrawing partner's interest in the partnership by the surviving or continuing partners. Paragraph 10 of the agreement provides that in the event of the dissolution of the partnership by reason of the death or withdrawal of any of the parties, the interest of such deceased or withdrawing partner should be sold to the surviving or continuing partners, the price to be ascertained by an audit of the books of the partnership, with no value to be placed on the good will of the business. Provision was made for the manner in which the money value of such interest was to be paid to the withdrawing partner or his legal representative. Paragraph 11 of the agreement provides that upon the death or withdrawal of the first party, Albert E. Jurs, his interest was to be transferred to his sons (Peter and Eugene) to augment their partnership interests equally, and in the event of the death or withdrawal of the remaining partners their interests were to be transferred to Albert E. Jurs to augment his interest. Provision was made in paragraph 14 of the agreement for the admission *150 into partnership of another son of Albert E. Jurs, his interest to be acquired through a transfer of a portion of his father's interest. The articles of co-partnership were executed by the petitioners during the month of May, 1939. At about the same time the respective wives of the petitioners executed a waiver of similar tenor to that attached to the employment agreement reading as follows: Each of the undersigned does hereby certify that she has read the foregoing Agreement and Articles of Co-partnership between Albert E. Jurs. Raymond M. Young, Eugene E. Jurs and Peter C. Jurs, dated as of December 31st, 1938, and fully understands the same, and being fully convinced of its reasonableness and of the benefits that she will directly or indirectly receive therefrom, does hereby join in, ratify and approve said Agreement and Articles of Co-partnership and each and all of the terms thereof, waiving any community interest to which she might be entitled in and to any property or thing of value made subject to the provisions of said agreement. Various other documents were executed by the petitioners and their wives, at or about the time the agreement and articles of co-partnership were *151 executed, for the purpose of facilitating the carrying out of the provisions of such articles of co-partnership relating to disposition of assets in the event of the death or withdrawal of the partners. In their income tax returns for the calendar year 1940 each of the petitioners reported as taxable income one-half of his distributive share of the profits of the partnership and his wife reported in a separate return as taxable income one-half of her husband's distributive share of partnership income. In the determination of the deficiencies the respondent has held that the entire distributive income of each partner is taxable to him and no part of it to his wife. The distributive shares of the partnership income for 1940 constituted the separate property of the partners. Opinion The question for decision is whether the petitioners are taxable upon the full amount of their distributive shares of the partnership of Shand and Jurs Co. for 1940, or upon only one-half thereof. The respondent has determined in each case that the entire amount of the distributive share of each petitioner in the partnership income is taxable to him alone on the ground that the wife of each petitioner, *152 by the terms of the rider attached to and made a part of the partnership agreement, expressly waived her community interest in the income from the partnership. It is the petitioners' contention herein that the waiver signed by the wives of the petitioners was not expected to be given effect except upon the death or withdrawal of a partner; that "there was no intention, by the execution of the rider, in any way to alter the community status of the partnership interests." The question here is what was the legal effect of the execution of the waiver by the petitioners' wives? They all read the partnership agreement before executing the waiver. They all understood that they were "giving up" something in connection with their community property interest. For instance, the wife of Eugene E. Jurs testified as follows: Q. At any rate when you signed that agreement, in view of the language "waiving any community interest" was it your intention that you would claim any community interest thereafter? A. After when? Q. After signing the agreement? A. No. It is undoubtedly true that neither the petitioners nor their wives foresaw the tax consequences of the execution of the waivers. We *153 think that the language of the waiver is not ambiguous. By signing it each wife waived "any community interest to which she might be entitled in and to any property or thing of value made subject to the provisions of said agreement." This was a contract between the petitioners' wives and the petitioners. They signed "being fully convinced of its reasonableness and of the benefits that she will directly or indirectly receive therefrom." Agreements between spouses in California affecting the status of their income or property, whether separate or community, are given effect for Federal income tax purposes. . In , it was held that the intention of parties to a written agreement must be determined from its terms and testimony of parties that they intended to cover subjects not included therein must be disregarded. So here, we think, that the statements by the petitioners and their wives that the waiver was to be given effect only upon the death or withdrawal of the partner must be disregarded. The language *154 employed in the rider follows closely the language of waivers which have been held by the California decisions to dispose of the wife's community interest. See ; . Cf. . We are of the opinion that the respondent did not err in his determination that the petitioners are liable to income tax upon their full distributive shares of the partnership income in 1940. Decisions will be entered under Rule 50.